

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. X. McLaughlin
County Attorney
Dumas, Texas

Dear Sir:

Opinion Number O-2019 - Supplement
Re: Construction of Article 752b
in regard to petition presented to
commissioners' courts for bond
elections for road improvements.

We respectfully refer you to our Opinion No. O-2019
rendered to you by this department on March 18, 1940, pertain-
ing to the construction of Article 752b in regard to petitions
presented to the commissioners' court for bond election for
road improvements. The opinion holds, in part, as follows:

"As we understand your problem from your opinion
request and other correspondence on the matter, one
petition for $160,000 was filed for the purpose of
constructing and improving highways. Later a second
petition was presented for $96,000 for the purpose of
constructing exactly the same mileage with the excep-
tion of seven miles called for in the first petition.
We have no doubt that under these facts the Commis-
sioners' Court would not abuse its discretion in tak-
ing up and granting within a reasonable time the
first petition filed, even though in the meantime the
second petition had been filed. Indeed, we are un-
able to perceive how it can be said that the court
had any discretion to refuse the first petition when
presented. When the second petition was presented,
covering the same mileage with the exception of seven
miles called for in the first petition, we think the
court would have a right to postpone its order on
said petition because if the election on the first
petition carried, the election on the second petition

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. E. McLaughlin, page #2

would be a useless act, and we know of no rule that
would warrant the issuance of a mandamus to enforce
the Commissioners' Court to perform such an act.
See Huggins vs. Vaden, 253 S.W. 877.

"The purpose of a bond election is to vote for
or against the issuance of bonds for a specific
purpose and not to vote for one petition or another
petition. The bond election must carry by a two-
thirds majority vote, the money to be used for the
purpose voted on. We know of no way that both
elections could be held at the same time and accom-
plish the purpose for which a bond election is held.

"Therefore, it is our opinion that the proper
procedure would be for the Commissioners' Court to
call an election on the first petition. If this
election carries, then the second petition becomes
a moot question because the entire mileage provid-
ed for in the second petition will be improved with
the bond money obtainable as a result of this elec-
tion. If this election fails to carry by the re-
quired two-thirds majority then the court can call
an election on the second petition."

Since that time we have received a letter from you requesting
this department to more definitely outline the procedure to
be followed under additional facts. We quote from your letter
as follows:

"From the above we assume that you had come to
the conclusion that the $160,000 petition was pre-
sented to the Commissioners' Court sometime prior
to the time that the petition for $96,000.00 was
presented. The fact of the matter is that both
petitions came on to be considered by the Commis-
sioners' Court at the same time, and for the first
time. The meeting at which the petitions came on
to be considered was a called session of the court,
called for the purpose of taking up any petition
or petitions presented to the court. However, the

$160,000.00 petition was filed with the County Judge, a few days prior to the filing of the $96,000.00 petition, but both came on to be considered by the court on the same day.

"Since receiving your opinion in which you advised that the Commissioners' Court order an election on the $160,000.00 petition, withholding its order on the $96,000.00 petition until after the election, a number of those supporting the $96,000.00 petition are raising the objection, that they would be discriminated against by the court if that procedure is followed. They feel that both petitions should be voted upon at the same time.

"We would appreciate very much if you would outline more definitely the procedure that the court should follow in handling this perplexing problem."

Under the facts set out in your letter, where both petitions were presented to the commissioners' court on the same date, it is the opinion of this department that it is entirely within the discretion of the court which petition shall first be submitted to the people. As stated in our original opinion, both elections cannot be held at the same time. As a practical matter, if the commissioners' court calls an election on the $160,000 petition, which covers the entire 18 miles of road, and this petition carries, then the second petition will become a moot question because the entire mileage provided for in the $96,000 petition, as well as an additional 7 miles, will be improved with the bond money obtainable as a result of this election.

Trusting that this satisfactorily answers your question, we are

APPROVED MAY 15, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN

BY *Claud O. Boothman*
Claud O. Boothman
Assistant

COB-s